IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| **TARA CHAMBERS**, <br> 5411 Southgate Boulevard <br> Fairfield, OH 45014 <br><br> PLAINTIFF, <br><br> v. <br><br> **PRINCE – PARKER & ASSOCIATES, INC.**, <br> c/o Registered Agent Solutions, Inc. <br> 4568 Mayfield Road, Suite #204 <br> Cleveland, OH 44121 <br><br> DEFENDANT | Case No. _____ <br><br><br> **COMPLAINT** <br> **with JURY DEMAND** |

Plaintiff Tara Chambers ("Plaintiff"), by and through her undersigned counsel, brings this lawsuit against Prince - Parker & Associates, Inc.'s ("Defendant"), and alleges the following violations of the Fair Debt Collection Practices Act (15 U.S.C. § 1692 et seq.), and the North Carolina General Statutes (relating to the conduct of collection agencies) (N.C. Gen. Stat § 58-70-1 et seq.).

## JURISDICTION

1. This Court has jurisdiction pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

2. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this State and this District and where Plaintiff resides in this State and this District.

3. Supplemental Jurisdiction exists pursuant to 28 U.S.C. § 1367.

## PARTIES

4. Plaintiff, Tara Chambers ("Plaintiff"), is an adult individual residing in Butler County, Ohio.

5. Defendant is a North Carolina corporation with principal offices situated in Charlotte, North Carolina.

6. Defendant may be served through its registered agent, Registered Agent Solutions, Inc., at 176 Mine Lake Court, Suite 100, Raleigh, North Carolina 27615.

## FACTUAL ALLEGATIONS

7. Plaintiff's alleged obligation asserted to be owed or due a creditor other than Defendant arises from a transaction or transactions in which the money, property, insurance, and/or services that are the subject of the transaction(s) were incurred primarily for personal, family or household purposes, and thus is a "debt" as defined by 15 U.S.C. § 1692a(5). Specifically, Plaintiff believes the alleged debt is on a delinquent consumer cell phone account with AT&T.

8. Plaintiff is allegedly obligated to pay a debt due a creditor other than Defendant, and thus is a "consumer" as defined by 15 U.S.C. § 1692a(3).

9. The Account constitutes a "debt" as that term is defined by N.C. Gen. Stat §58-70-90(3).

10. The Account allegedly went into default with the original creditor, AT&T, prior to the filing of this Complaint.

11. After the Account allegedly went into default, the Account was placed with or otherwise transferred to Defendant for collection.

12. Defendant regularly and often collects defaulted accounts for AT&T.

13. Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

14. Defendant is a "collection agency" as defined by N.C. Gen.Stat. § 58-70-90(1).

15. Plaintiff disputes the amount Defendant is attempting to collect on the Account.

16. Plaintiff requests that Defendant cease all further communications regarding the Account.

17. Defendant's collectors were employees of Defendant at all times mentioned herein.

18. Defendant acted at all times mentioned herein through its employees.

19. During the one year prior to the filing of this complaint, on approximately October 30, 2016, or thereabout, Defendant left Plaintiff a voicemail message. That voicemail message stated:

> This is [inaudible] trying to reach Tara Chambers. Ms. Chambers, give me a call. 704-841-2424 extension 2548. 704-841-2424 extension 2548. Please return the call. Thank you.

20. In the voicemail message described above, Defendant failed to provide meaningful disclosure of its identity and failed to inform Plaintiff that the communication was an attempt to collect a debt or that Defendant was a debt collector or that any information obtained from Plaintiff would be used for the purpose of debt collection.

21. Plaintiff returned Defendant's phone call. In that return phone call, Defendant told Plaintiff that Defendant was conducting "pre-collection for AT&T" and further told Plaintiff that "AT&T they sent a final bill over for pre-collections" and again stated "we're pre-collection for AT&T."

22. Despite telling Plaintiff that the Account was in "pre-collect" status, the Account was, in fact, already in collections.

23. After the live call described above, on or about November 17, 2016, on or about December 9, 2016, and on or about January 19, 2017, Defendant left three more voicemail messages for Plaintiff similar to the voicemail message described above. All three messages failed to inform Plaintiff that the communication was an attempt to collect a debt or that Defendant was a debt collector or that any information obtained from Plaintiff would be used for the purpose of debt collection.

24. According to AT&T, at the time Defendant described the account as being in "pre-collect" status, the account had been written off and forwarded to collection.

25. The false, deceptive and misleading statement described above was used to trick Plaintiff into feeling that it would be more advantageous for Plaintiff to resolve the account quickly rather than letting it get out of "pre-collect" and into "collection" status, when in fact it was already in "collection" status.

26. Defendant's false, deceptive and misleading statement would make the least sophisticated consumer believe that Defendant was not acting as a debt collector.

27. Defendant's conduct as described above, did in fact, trick and deceive Plaintiff into making a payment on the account in the amount demanded.

28. Further, Defendant never informed Plaintiff of Plaintiff's rights under 15 U.S.C. § 1692g(a).

29. The telephone calls and voicemails described above each constituted a "communication" as defined by 15 U.S.C. § 1692a(2).

30. The only reason that Defendant and/or representative(s), employee(s) and/or agent(s) of Defendant made telephone call(s) to Plaintiff was to attempt to collect the Account.

31. The only reason that Defendant and/or representative(s), employee(s) and/or agent(s) of Defendant had telephone conversation(s) with Plaintiff and/or left voicemail messages for Plaintiff was to attempt to collect the Account.

32. All of the conduct by Defendant and/or its employees and/or agents alleged in the preceding paragraphs was done knowingly and willfully.

33. Plaintiff suffered damages as a result of the conduct of Defendant described above.

## RESPONDEAT SUPERIOR

34. The representative(s) and/or collector(s) at Defendant were employee(s) and/or agents of Defendant at all times mentioned herein.

35. The representative(s) and/or collector(s) at Defendant were acting within the scope and/or course of their employment at all times mentioned herein.

36. The representative(s) and/or collector(s) at Defendant were under the direct supervision and/or control of Defendant at all times mentioned herein.

37. The actions of the representative(s) and/or collector(s) at Defendant are imputed to their employer, Defendant.

**COUNT I:**
**VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, et seq.**
**BY PRINCE – PARKER & ASSOCIATES, INC.**

38. The previous paragraphs are incorporated into this Count as if set forth in full.

39. The act(s) and omission(s) of Defendant and its representative(s), employee(s) and/or agent(s) violated 15 U.S.C. § 1692e, generally, and §1692e(2)&(8)&(10)&(11) and 15 U.S.C. § 1692g(a).

40. Pursuant to 15 U.S.C. § 1692k Plaintiff seeks damages, reasonable attorney's fees and costs from Defendant.

**COUNT II:**
**VIOLATIONS OF THE NORTH CAROLINA FAIR DEBT COLLECTION PRACTICES ACT, N.C. GEN.STAT. §58-70, et seq.**
**BY PRINCE – PARKER & ASSOCIATES, INC.**

41. The previous paragraphs are incorporated into this Count as if set forth in full.

42. The act(s) and omission(s) of Defendant and its representative(s), employee(s) and/or agent(s) constituted one or more violations of N.C. Gen. Stat.§ 58-70-110(2), one or more violations of N.C. Gen. Stat.§ 58-70-110(4), and one or more violations of N.C. Gen. Stat.§ 58-70-110(7).

43. Plaintiff is entitled to statutory damages of not less than $500.00 nor more than $4,000.00 for each of Defendant's violations described in Count II of this Complaint.

44. Plaintiff is entitled to actual damages as a result of Defendant's violations.

## DEMAND FOR RELIEF

WHEREFORE, the Plaintiff requests that the Court grant judgment in favor of Plaintiff and against Defendant as follows:

a. Actual damages pursuant to 15 U.S.C. 1692k(a)(1);
b. Actual damages pursuant to N.C. Gen. Stat. §58-70-130(a);
c. Statutory damages in the amount of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2);
d. Statutory damages in the amount of $4,000.00 per violation as described in Count II of this Complaint pursuant to N.C. Gen. Stat. §58-70-130(b).
e. Reasonable attorneys fees and costs pursuant to 15 U.S.C. § 1692k(a)(3);
f. Such other and further relief as the Court deems just and proper.

Respectfully submitted,

/s/ Marc E. Dann
Emily White (0085662)
Marc E. Dann (0039425)
Brian D. Flick (0081605)
The Dann Law Firm Co., LPA
PO Box 6031040
Cleveland, OH 44103
216/373-0539
216/373-0536 – fax
notices@dannlaw.com
**Attorneys for Plaintiff**

## JURY DEMAND

Plaintiff hereby requests a trial by jury on all issues, with the maximum number of jurors permitted by law.

/s/ Marc E. Dann
Emily White  (0085662)
Marc E. Dann (0039425)
Brian D. Flick (0081605)
The Dann Law Firm Co., LPA